AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| | |
|---|---|
| United States of America<br>v.<br>Antoine Brown | Case No: 97-cr-276-022<br>USM No: 08209-041 |
| Date of Original Judgment: 12/17/1998<br>Date of Previous Amended Judgment: 8/20/2008<br>*(Use Date of Last Amended Judgment if Any)* | Katherine M. Menendez<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ☒ **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level: _____     Amended Total Offense Level: _____
Criminal History Category: _____     Criminal History Category: _____
Previous Guideline Range: _____     Amended Guideline Range: _____

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE
☐ The reduced sentenced is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

### II. ADDITIONAL COMMENTS
At Defendant's change of plea hearing, Defendant admitted to being responsible large quantities of cocaine and crack cocaine. The court found him to be responsible for at least 1.5 kilograms of crack cocaine, the highest relevant quantity under the Guidelines at that time. The Court now finds that ample evidence in the record at the time of sentencing supports a finding that Defendant was responsible for at least 2.8 kilograms of crack cocaine. This finding is consistent with earlier findings in this case. See United States v. Adams, 104 F.3d 1028, 1030-31 (8th Cir. 1997). Defendant is ineligible for a further sentence reduction because his Offense Level remains unchanged by the Fair Sentencing Act.

Except as otherwise provided, all provisions of the judgment dated ____8/20/2008____ shall remain in effect.

**IT IS SO ORDERED.**
Order Date: 1-26-12

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Chief Judge Michael J. Davis, U.S. District Court
*Printed name and title*